United States District Court
Southern District of Texas
**ENTERED**
April 17, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR et. al. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 4:18-CV-01237 |
| FIRST GUARANTY MORTGAGE CORPORATION | § § § | |
| Defendant. | § § | |

# ORDER

Pending before the Court is Defendant First Guaranty Mortgage Corporation ("Defendant")'s Motion for Summary Judgment, **(Instrument No. 20)**.

Plaintiffs Marie M. Victor ("Victor") and Brian Brewer ("Brewer") allege that First Guaranty Mortgage Corporation ("Defendant") failed to respond to Victor's request for a loan modification prior to initiating foreclosure proceedings. (Instrument No. 1-1). On December 31, 2013, Victor and her husband, Nesly Victor, executed a note ("Note") in the amount of $277,319.00. The Note was originally payable to Everett Financial, Inc., d/b/a Supreme Lending, a Texas Corporation ("Everett"). (Instrument No. 20 at 3-4). In conjunction with the Note, Victor and her husband executed a Deed of Trust, collectively referred to as ("loan documents"), granting a security interest in the property located at 20703 Cameo Rose Drive, Cypress, Texas 77433 ("Property"). *Id.* The Deed of Trust identifies Mortgage Electronic Registration Systems, Inc. as the beneficiary, solely as a nominee for Everett. *Id.* Thereafter, Mortgage Electronic Registration Systems, Inc. as nominee for Everett assigned the loan to First Guaranty Mortgage Corporation ("Defendant"). *Id.* On January 24, 2014, Victor received correspondence advising that the servicing of the loan had been transferred to Roundpoint Mortgage Corporation ("Roundpoint"). *Id.*

Subsequently, Victor fell behind on her payments and on December 2, 2014, Roundpoint sent Victor correspondence which contained a Borrower's Assistance Application. (Instrument No. 20 at 4). In January 2015, Victor submitted a Borrower's Assistance Application and Roundpoint offered her a loan modification, which she accepted, as evidenced by her signature on the Loan Modification Agreement dated July 13, 2015. *Id.* On April 1, 2016, Roundpoint sent Victor a second Borrower's Assistance Application, and on May 20, 2016, Roundpoint sent Victor correspondence that the loan was under review for all available assistance programs. *Id.* at 5. Thereafter, Roundpoint offered Victor a forbearance plan that would expire on the earliest date of Victor or her husband securing employment, or January 1, 2017. *Id.*

On November 4, 2016, Victor submitted another Borrower's Assistance Application to Roundpoint requesting that the loan's status be changed from forbearance to a modification because her husband had recently obtained employment. (Instrument No. 20 at 5). On November 21, 2016, Roundpoint sent correspondence confirming that it had received a complete Borrower's Assistance Application and that the loan was under review for all available assistance programs. *Id.* On December 20, 2016, Roundpoint sent Victor correspondence notifying her that the loan was not eligible for modification. *Id.*

On December 21, 2016, Victor was served with a notice of Default and Intent to Accelerate stating that $25,168.98 was due within thirty-five days to cure the default. (Instrument No. 20 at 6). Victor, then transferred her interest in the Property to Brewer, as Trustee for the Cameo Rose Trust, on June 1, 2017. *Id.* Brewer subsequently rented the Property back to Victor. On January 29, 2018, Victor was served with a Notice of Acceleration of Maturity and Notice of Non-Judicial Foreclosure Sale stating that the foreclosure sale on the Property would occur April 3, 2018. *Id.* Victor alleges that the Defendant's representative made an oral agreement telling her that if she gathered and submitted all of the required documents along with a loan modification application at least 37 days prior to a foreclosure sale, Defendant would not be able to foreclose on the property until her application had been accepted or denied. (Instrument No. 21. at 3).

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant for summary judgment has the initial burden of showing the absence of genuine issue of material fact. *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Under the Texas Business and Commerce Code, a loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative. TEX. BUS. & COM. CODE § 26.02(b). The loan agreement may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement. *Id.* Loan agreement is defined under the Texas Business and Commerce Code as one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation. *Id.*

Under RESPA Regulation X, if a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale, then, within 30 days of receiving the complete loss mitigation application, a servicer shall: (1) Evaluate the borrower for all loss mitigation options available to the borrower; and

(2) Provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage. 12 C.F.R. § 1024.41.

Plaintiffs assert claims based on the alleged oral agreement with Defendant's representative. Plaintiffs' claims are for breach of contract, fraud, negligent misrepresentation, violation of RESPA Regulation X and promissory estoppel. Defendant seeks summary judgement on Plaintiffs' claims. Defendant asserts that the alleged oral agreement is barred by the statute of frauds and even if the statute of frauds does not apply, it did not commit a breach of contract, a breach of the duty or cooperation, negligent misrepresentation, or violate RESPA Regulation X. For these same reasons, Defendant asserts Plaintiffs' claim of promissory estoppel must also fail.

Plaintiffs' claims of breach of contract, promissory estoppel, fraud, and the breach of the duty of cooperation fail because the alleged oral agreement is barred by the statute of frauds. For a loan agreement to be enforceable, the Texas Business and Commerce Code requires a loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value be in writing and signed by the party to be bound or by that party's authorized representative. TEX. BUS. & COM. CODE § 26.02(b). Plaintiffs allege that the Defendant's representative made an oral agreement telling Victor that if she gathered and submitted all of the required documents along with a loan modification application at least 37 days prior to a foreclosure sale, Defendant would not be able to foreclose on the property until her application had been accepted or denied. (Instrument No. 21. at 3). Defendant's deny the alleged oral loan agreement and assert that even if an oral loan agreement existed, it is barred by the statute of frauds, which requires loan modifications or loan agreements over $50,000 be in a writing signed by the party to be bound or that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(b). Because the loan exceeds $50,000 and Plaintiffs have not produced evidence showing the agreement was signed in writing, Plaintiffs' claims pertaining to

4

the oral agreement must fail under the statute of frauds. "Generally, under Texas law, a plaintiff may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds." *Miller v. CitiMortgage*, 970 F.Supp.2d 568, 584 (N.D. Tex. 2013) (quoting *Haase v. Glazner*, 62 S.W. 795 (Tex. 2001)). Because the statute of frauds bars this agreement, the Plaintiffs' claims that relate to the oral agreement are barred.

Defendant further asserts that even if the oral agreement is not barred by the statute of frauds, the Defendant complied with RESPA. Assuming there was an oral agreement made by Defendant, the agreement is essentially a restatement of RESPA Regulation X. The Defendant complied with that code. In this instance, Victor submitted a Borrower Assistance Application in November of 2016. (Instrument No. 20-13). Defendant confirmed the receipt and review of Victor's application on November 21, 2016. (Instrument No. 20-14). Subsequently, on December 20, 2016, Defendant notified Victor that her application was denied. (Instrument No. 20-15). Accordingly, even if the statute of frauds did not bar the oral agreement, Defendant still complied with the requirements of RESPA. Accordingly, Plaintiffs' claims under RESPA fail because Defendant complied with RESPA Regulation X.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED. (Instrument No. 20).**

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 17th day of April 2019, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

5